Northern District Of Ohio
United States Bankruptcy Court
201 Superior Avenue
Cleveland, OH 44114−1235
**Case No. 04−18523−rb**

**In re:**
    Corwin Reynolds
    1051 E.145th St.
    Cleveland, OH 44110

**Social Security No.:**
    xxx−xx−9204

**ORDER DISCHARGING DEBTOR AFTER COMPLETION
OF CHAPTER 13 PLAN**

**To the Creditors and Parties in Interest:**

The court finds that the debtor(s) plan has been confirmed and that the debtor has fulfilled all requirements under the plan. **It is ordered that:**

1. Pursuant to 11 U.S.C. §§ 1328 (a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. §§ 502, except any debt:

(a) Provided for under 11 U.S.C. §§ 1322 (b)(5), and on which the last payment is due after the date on which the final payment under the plan was due;

(b) In the nature of alimony to, maintenance for, or support of a spouse, former spouse, or child of the debtor in connection with a separation agreement, divorce decree or other order of a court of record, or property settlement agreement, as specified in 11 U.S.C. 7Sect; 523 (a)(5);

(c) For a student loan or educational benefit overpayment as specified in 11 U.S.C. §§ 523 (a)(8);

(d) For a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 U.S.C. §§ 523 (a)(9), in a bankruptcy case filed on or after November 15, 1990; or

(e) For restitution included in a sentence on the debtor's conviction of a crime, in a case filed on or after November 15, 1990;

(f) For a fine included in a sentence on the debtor's conviction of a crime, in a case commenced on or after October 22, 1994.

2. Pursuant to 11 U.S.C. §§ 1328 (d), the debtor is not discharged from any debt based on an allowed claim filed under 11 U.S.C. §§ 1305 (a)(2) if prior approval by the trustee of the debtor(s) incurring such debt was practicable and was not obtained.

3. Notwithstanding the provisions of title 11, United States Code, the debtor is not discharged from any debt made non−dischargeable by 18 U.S.C. §§ 3613 (f), by certain provisions of titles 10, 37, 38, 42, and 50 of the United States Code, or by any other applicable provision of law.

4. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

**Dated:** November 18, 2009                 /s/ Randolph Baxter
Form ohnb215                                    United States Bankruptcy Judge

# EXPLANATION OF BANKRUPTCY DISCHARGE

Bankruptcy laws were designed to give the honest debtor a fresh start in life. The order of discharge of debtor is the legal release of all your personal obligations with the exception of certain types of taxes, alimony, maintenance and child support, some student loans, or any debts separately determined to be non−dischargeable. With these exceptions, all your personal obligations are now discharged and released.

Your discharge includes a prohibition against commencement or continuation of any lawsuit against you by a creditor which is based on a discharged debt. Creditors are also prohibited from employing informal means of collection such as mailing dunning letters either to you or your employer, contacting your employer in any manner, or doing anything else which is designed to get you to repay a discharged debt.

Employers are prohibited from firing you or discriminating against you in your employment just because you filed a petition in bankruptcy. Sometimes, in order to carry on your profession or trade, you are required to hold a valid license. Your bankruptcy discharge protects you against revocation, suspension, or denial of an occupational license just because you sought protection under the bankruptcy laws. Your driver's license is also protected from revocation or suspension if you never paid the debt which arose from an automobile accident but the debt was properly scheduled and discharged. However, if there are some other independent reasons to take these actions against you, such as, if you have accumulated too many points, your license may be revoked, your job may be terminated for cause or state agencies may be permitted to deny or revoke your occupational license for valid reasons other than your bankruptcy.

While a discharge gives you full protection against collection efforts of personal obligations, a discharge in bankruptcy has no impact whatsoever on any liens which are a charge on property you are retaining, or acquiring after bankruptcy. They continue beyond your bankruptcy discharge. The same applies to any credit transaction in which a creditor retains a lien on a specific piece of property, for example an automobile, a mobile home, a major appliance or furniture purchased on time. You will have to live up to the arrangement if you want to keep the item involved.

Some creditors sue you in spite of a bankruptcy discharge of that debt. If that happens you should contact the clerk of the bankruptcy court and obtain a certified copy of your discharge and file it at once in the court where the suit has been filed against you. This is important because unless you put that court on notice, the creditor will no doubt obtain a default judgement against you which can create a lot of difficulty for you.

The fact that you received a discharge does not mean your case is finished. You must notify the clerk in writing each time you change your address. Legal problems may develop requiring a hearing at which time your rights may be adversely affected and you may lose the opportunity to appear and state your case unless the court has the right address.

You have the continuing duty to cooperate with the trustee who is in charge of your case. You must notify the trustee if you learn that you became enitled to receive some property within 6 months from the date you filed your petition, either as a result of inheritance, a property settlement in connection with a divorce, or a settlement of a life insurance policy. For example, if somebody died within 6 months of the date you filed your petition and named you as an heir in his or her will, you must notify the trustee of that event when you learn about it, and make it available for administration.

Any questions concerning your particular case should be directed to your attorney.